UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL NO. 11-CR-01-DLB

UNITED STATES OF AMERICA,                                                       PLAINTIFF,

V.                      **MAGISTRATE JUDGE'S REPORT**
                        **AND RECOMMENDATION**

JERRA LYKINS,                                                                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

This matter came before the Court pursuant to a Supervised Release Violation Report filed by the United States Probation Office on July 5, 2011. The report outlines two alleged violations of the terms of Defendant's supervised release. A final hearing on the alleged violations was held before the undersigned on August 4, 2011. The Defendant was present and represented by appointed counsel, Michael Fox, and the United States was represented by Assistant United States Attorney Ken Taylor. United States Probation Officer Roger Varney was also present.

At the hearing, the Defendant indicated that she would stipulate to the violations listed in the report, and the Court found her competent to proceed. When asked to explain the factual basis supporting her violation of special condition number nine, however, the Defendant stated that she did not personally access the internet from her boyfriend's computer at his residence. Rather, she claimed that the boyfriend had accessed pornography on the computer and merely pointed it out to Defendant as she passed by. In light of the Defendant's statements, the United States moved to dismiss the alleged violation of condition number nine, and the Court granted that motion.

The Defendant thereafter stipulated to a violation of special condition number two. The Court, being fully advised, and after determining the voluntariness and factual basis of the stipulation, makes the following proposed Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On May 16, 2011, the Defendant, Jerra Lykins, was terminated from the Commonwealth of Kentucky Sex Offender Treatment Program for violating her treatment contract. Specifically, she demonstrated an unsatisfactory attendance and punctuality record and unsatisfactory participation in treatment. Ms. Lykins was tardy for sessions on numerous occasions and was absent without excuse for sessions on September 13, 2010, September 20, 2010, October 4, 2010, March 28, 2011, and May 9, 2011. Ms. Lykins has not progressed in treatment and has failed to turn in assignments as required. The Defendant has also admitted to having improper contact with a fellow treatment member.

## CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. § 3583(e)(3), the above stipulation establishes, by a preponderance of the evidence, that the Defendant has violated the following condition of her supervision:

> The Defendant shall participate as directed in a program of mental health treatment, including a sexual offender treatment program, approved by the probation officer. You shall abide by the rules, requirements and conditions of the treatment program, including submitting to polygraph testing, at your own expense, to aid in the treatment and supervision process. ...

Under United States Sentencing Guidelines §7B1.1(a), the violation committed by the Defendant is a Grade C violation. Under §7B1.4(a), based on the Defendant's criminal history category of I, the guideline range of imprisonment would be 3 to 9 months. The maximum statutory period of imprisonment would be a term of twelve (12) months. See 18 U.S.C. § 3583(e)(3). The Guidelines

are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## ANALYSIS

In reaching a sentencing recommendation, the undersigned must consider a number of the factors set forth in 18 U.S.C. § 3553(a). First, the nature and circumstances of the violation involves the Defendant missing, and being late for, required sex offender treatment sessions. This treatment program was ordered as part of Ms. Lykins's supervision because she was convicted of conspiring to transport child pornography in violation of 18 U.S.C. § 2252(b). In addition to being late and missing sessions, Ms. Lykins has demonstrated an unwillingness to complete the assignments required by the program. It was also reported that Ms. Lykins engaged in inappropriate contact with a fellow treatment member, which included phone calls that were sexual in nature. Her inappropriate contact with another sex offender, while both individuals are supposedly seeking treatment, is troublesome.

In addition to the nature and circumstances of the violation, the Court must also consider the history and characteristics of the Defendant. During the hearing, Ms. Lykins explained that she missed treatment sessions because she is uncomfortable with the setting in which they are held. She noted that she is one of only two females in the program, and that the remaining participants are male sex offenders. During her allocution, Ms. Lykins indicated that she suffers from Post-Traumatic Stress Disorder as a result of being raped. Ms. Lykins claims that attending the treatment sessions triggers bad memories of her own rape and exacerbates her PTSD. Ms. Lykins further stated that she feels uncomfortable being around men who have victimized women and children when she herself has not victimized anyone. While the undersigned does not doubt that these

sessions are difficult for Ms. Lykins, her belief that she has not victimized anyone is troubling, and not only indicates a failure on her part to take responsibility for her prior offense, but also damages her credibility. Ms. Lykins was convicted of transporting child pornography, far from a victimless crime. By assisting her co-defendant in downloading and transporting child pornography, Ms. Lykins participated in the victimization of children as young as 2 years old. Furthermore, the fact that Ms. Lykins has engaged in inappropriate contact with another participant in the program belies her stated reason for failing to attend treatment sessions.

Next, the undersigned must recommend a sentence that affords adequate deterrence to criminal conduct. While Ms. Lykins is not accused of violating any state or federal law, the sex offender treatment program is nevertheless an important condition of her supervision. By missing sessions, failing to complete assignments, and having inappropriate contact with other participants, Ms. Lykins has demonstrated an unwillingness to accept responsibility and seek treatment. A term of imprisonment is necessary to impress upon Ms. Lykins the importance of participating in treatment.

The undersigned must also consider the need for the sentence to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment. Ms. Lykins and her attorney informed the Court that an administrator of the Kentucky Sex Offender Treatment Program is attempting to create a program geared solely toward female participants. It is hoped that by sentencing Ms. Lykins to a period of imprisonment, she will be able to participate in such a program upon release. The probation officer has confirmed that Ms. Lykins will be able to reapply for admission into the program in November of 2011, which is 6 months after discharge per the program's policy.

Finally, the undersigned must consider the guideline recommendation and that the recommended sentence should avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct and should take into account the need to provide restitution to any victims. The undersigned finds that sentencing Ms. Lykins within the guideline range will protect the public, and impress upon her the importance of participating fully in the sex offender treatment program.

## **RECOMMENDATION**

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have violated the terms of her supervised release as set out above;

(2) That the Defendant, having waived her right of allocution before United States District Judge David L. Bunning and exercised that right before the undersigned, be sentenced without delay;

(3) That the Defendant, Jerra Lykins, be sentenced to the custody of the Attorney General for a period of SIX MONTHS with THIRTY SIX MONTHS of supervised release, minus the term of imprisonment, to follow. It is recommended that Defendant continue on the conditions previously imposed, but with addition of the Eastern District of Kentucky's sex offender supervision conditions.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir.

2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995).

Signed August 8, 2011.

